UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENCIO GOMEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALAMEDA COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No.  20-cv-01592-JSC<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 16 |

## INTRODUCTION

Plaintiff, a former inmate at the Santa Rita County Jail ("SRJ"), filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the Alameda County Sheriff's Department, Sheriff Gregory Ahern, and Deputy M. Vargas.  Plaintiff claims that the Defendants assigned him to the jail's administrative separation unit without justification, and that jail officials have obstructed and interfered with his legal mail and phone calls with his attorney.  The Court reviewed the complaint and found that, when liberally construed, the allegations were sufficient to state a claim for relief under 42 U.S.C. § 1983.  (ECF No. 5.)  Defendants filed a motion for summary judgment.[1]  (ECF No. 16.)  Plaintiff, whose mail has been returned as undeliverable, (*see* ECF Nos. 7, 14, 15), did not file an opposition.[2]  Defendants filed a reply brief.  (ECF No. 26.)  For the reasons discussed below, the motion for summary judgment is GRANTED.

## BACKGROUND

Plaintiff was detained at SRJ from November 6, 2019, through March 16, 2020.  (Vargas Decl. ¶ 6.)  SRJ maintains classification files on its inmates to ensure that inmates are

---

[1] The parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 4, 9.)
[2] Defendants provided Plaintiff with the required summary judgment warning.  (*See* ECF No. 16 at 2.)

appropriately housed based on individual circumstances, as well as safety and security. (*Id*. ¶ 3.) Inmates are placed in administrative separation for the safety and security of the inmate, as well as other inmates and staff. (*Id*. ¶ 5.) While at SRJ, Plaintiff was placed in administrative separation out of concern that he may have been a gang member in bad standing with his gang. (*Id*. ¶ 6.) Plaintiff's classification file indicates that he is active in the Norteños gang, but states that Plaintiff is not sure whether he is in good or bad standing. (Mot. for Summ. J. (MSJ) Ex. B, ECF No. 18 at 41; Vargas Decl. ¶ 3.) Gang members who are in bad standing with their gang are often targeted for violence or encouraged to commit violence to return to good standing. (Vargas Decl. ¶ 7.) Prior to Plaintiff's incarceration at SRJ, an inmate advised staff that Plaintiff was in bad standing with the Norteños gang, and an alert was placed in Plaintiff's classification file. (*Id*. ¶ 6.)

SRJ records show that Plaintiff made thirteen phone calls while at SRJ. (Key Decl. ¶ 3; MSJ Exs. C, D.) Two of those calls were made to the public defender's office and were not recorded. (Key Decl. ¶ 4; MSJ Ex. D, ECF No. 18 at 48.) SRJ's phone system is pre-programmed with the telephone number of the public defender's office, and the time and date of such calls are recorded but not the calls themselves. (*Id*.) Plaintiff's remaining calls were recorded. (*Id*. ¶ 5.) Recorded calls are preceded by a prompt that the calls may be monitored or recorded. (*Id*.) SRJ Policy and Procedure 17.04.II.D states: "The Alameda County Sheriff's Office reserves the authority to monitor, including recording, conversations on any telephone within its facilities. Attorney/Client telephone calls will not be recorded. Use of the telephones constitutes consent to monitoring." (MSJ Ex. G, ECF No. 18 at 57.)

While at SRJ, Plaintiff received one envelope of mail from the United State District Court. (Semmel Decl. ¶ 4.) The envelope was marked legal mail, signed by a deputy in the presence of Plaintiff, and signed by Plaintiff. (MSJ Ex. E, ECF No. 18 at 50.) SRJ Policy and Procedure 17.01, requires that legal mail (other than mail from judges) be stamped, and opened and inspected in the presence of the inmate. (MSJ Ex. H, ECF No. 18 at 70–71.) If no contraband is found, the mail is surrendered to the inmate and the envelope is kept on file for six months. (*Id*.) Non-legal mail is opened outside the inmate's presence, to ensure it does not contain contraband. (Semmel Decl. ¶ 5.) Outgoing non-legal mail is opened and read by staff, if necessary, for jail security. (*Id*.

¶ 7.) For outgoing legal mail, an inmate must notify the Housing Unit Deputy that the letter is legal mail. (*Id.*) The deputy makes a visual inspection of it without reading the contents, then verifies that the inmate's name and identification number are correctly on the return address. (*Id.*) The deputy seals the envelope in the presence of the inmate, initials it, and marks it confidential. (*Id.*) Deputies followed this procedure for Plaintiff's outgoing legal mail. (MSJ Ex. F, ECF No. 18 at 52–54.) Officials never mark outgoing mail, legal or non-legal, as undeliverable. (*Id.* ¶ 6.) Only the United States Post Office marks any undeliverable incoming legal mail. (*Id.*)

In his verified complaint, Plaintiff states that Defendant Vargas received information from a confidential source that Plaintiff sold drugs at his last place of confinement but was never caught. (Compl. at 3.) Plaintiff further states that Defendant Vargas placed him in administrative separation because Plaintiff is in danger with enemies at SRJ. (*Id.*) The complaint also states that the Alameda County Sheriff's Department and SRJ officials unlawfully placed individuals in administrative separation. (*Id.* at 5.) Plaintiff identifies seven other inmates whom he claims suffered the same violations of their rights. (*Id.* at 4.) Finally, the complaint states that SRJ illegally monitored, listened to, blocked, and hung up on calls to attorneys, and illegally removed documents from legal mail, and falsely stamped it as undeliverable. (*Id.*)

## DISCUSSION

I. Standard of Review

A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), *rev'd on other grounds sub nom*, *Degen v. United States*, 517 U.S. 820 (1996). Summary judgment is proper where the pleadings, discovery and affidavits show that there

is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Id*. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id*. A verified complaint may be used as an opposing affidavit, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (treating allegations in prisoner's verified amended complaint as opposing affidavit).

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party. *Tolan v. Cotton*, 572 U.S. 650, 655 (2014). If more than one reasonable inference can be drawn from undisputed facts, the trial court must credit the inference in favor of the nonmoving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

II.     Analysis

Defendants assert that Plaintiff's claims are unexhausted, there are no allegations against Defendant Ahern, the claims lack merit, and Defendant Vargas is entitled to qualified immunity. The Court finds that Plaintiff's claims are both meritless and unexhausted, and, therefore, does not find it necessary to address Defendants remaining arguments.

1. Administrative Separation

Plaintiff has failed to raise a genuine dispute of material fact about whether his placement in administrative separation violates due process. At the time Plaintiff filed his complaint, he was

4

a pretrial detainee.[3]  "Pretrial detainees have a substantive due process right against restrictions that amount to punishment."  *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002).  To establish a substantive due process violation, Plaintiff must prove (1) that his pretrial housing classification caused him "to suffer some harm or 'disability,'" and (2) that the "purpose" of the classification was "to punish."  *Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004) (citing *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)).  If he cannot prove that his housing conditions had both the "purpose and effect" of unconstitutional punishment, no procedural protections are constitutionally required.  *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996).  Here, Defendants have shown that Plaintiff cannot carry his burden to prove a due process violation at trial.

First, Plaintiff has provided no information regarding what harm, if any, he suffered while placed in administrative separation.  *See Demery*, 378 F.3d at 1030 (for a harm or disability to "constitute punishment . . . [it] must either significantly exceed, or be independent of, the inherent discomforts of confinement").  In failing to file an opposition, the Court looks to the verified complaint, which provides no information as to any harm suffered.  Second, Plaintiff has presented no evidence to contradict Defendants' showing that he was placed in administrative separation for the legitimate governmental objectives of jail safety and security.  (*See* Vargas Decl. ¶ 6.)  As a member of the Norteños gang who was possibly in bad standing, Plaintiff's safety, as well as that of other inmates and staff, were in jeopardy.  (*Id.*)  To prove punitive purpose, Plaintiff must show either an express intent to punish, that the restrictions were excessive in relation to the alternative non-punitive purpose, or that the restrictions could have been accomplished using less harsh methods.  *See Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted).  Given that Plaintiff has provided no details about his confinement in administrative separation, the facts on record are insufficient to prove punitive purpose.

For much the same reasons, Plaintiff also cannot prove a procedural due process violation.  The record shows that Plaintiff's placement in administrative separation was to maintain safety

---

[3] Plaintiff's complaint was executed on February 22, 2020.  (Compl. at 3.)  Based on the mailbox rule, the complaint is deemed constructively filed on the date Plaintiff signed the document.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).  He was convicted via a no contest plea on March 2, 2020, after his complaint was filed.  (Resp. Ex. A at 31–32.)

and security at SRJ and did not have the purpose of punishment. *See Bell*, 441 U.S. at 546 ("[m]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees."); *see also Martucci v. Johnson*, 944 F.2d 291, 294–95 (6th Cir.1991) (prisoner placed in segregation for administrative reasons related to prison security did not have substantive due process right to be free of segregation, and failure to provide a hearing did not violate procedural due process); *cf. Mitchell*, 75 F.3d at 524 (finding plaintiff was entitled to a due process hearing because his placement in "*disciplinary* segregation" had "the purpose and effect . . . [of] punishment") (emphasis added). Nor has Plaintiff provided any evidence establishing any laws or regulations that provide him a liberty interest protected by due process. *See Henderson v. City & Cty. of San Francisco*, No. C05-234 VRW, 2006 WL 3507944, at *14 (N.D. Cal. Dec. 1, 2006) (finding that county jail regulations made pursuant to California Code of Regulations, title 15 § 1053, do not create a liberty interest). Based on the foregoing, it is undisputed that Plaintiff's placement in administrative separation was for non-punitive reasons. Accordingly, Defendants are entitled to summary judgment on this claim.

        2. Phone Calls

Plaintiff claims that his phone calls to his attorney were monitored and blocked. He has not, however, shown a genuine dispute of material fact regarding this claim. An expectation of privacy in outbound calls by an inmate is not objectively reasonable, and the recording of such calls does not violate the Fourth Amendment. *See United States v. Van Poyck*, 77 F.3d 285, 290–91 (9th Cir.1996). The Court in *Van Poyck* specifically excluded from its analysis "'properly placed' telephone calls between a defendant and his attorney." *Id*. at 291 n.9.

The record fails to establish that Plaintiff's calls to his attorney were recorded. The record is undisputed that Plaintiff made thirteen phone calls while at SRJ. (*See* Key Decl. ¶¶ 3–5; MSJ Exs. C, D.) The evidence regarding those calls show that two were made to the public defender's office and were not recorded. (*See* MSJ Ex. D.) The other eleven calls were non-legal and were recorded. (MSJ Ex. C.) Plaintiff has failed to produce any evidence establishing that any of the facts presented by Defendants are in dispute, nor does his complaint provide sufficient facts to

create a triable issue of fact. *See Celotex*, 477 U.S. at 323 (holding that the nonmoving party must go "beyond the pleadings" and designate facts that show a genuine issue for trial). Defendants are granted summary judgment on this claim.

### 3. Legal Mail

Defendants are also entitled to summary judgment on Plaintiff's due process claims arising out of alleged violations of his legal mail. The Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having properly marked legal mail [including civil mail] opened only in their presence." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017). "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). Prison officials may institute procedures for inspecting "legal mail," i.e., mail sent between attorneys and prisoners, and mail sent from prisoners to the courts. *See Royse v. Superior Court*, 779 F.2d 573, 574–75 (9th Cir. 1986) (outgoing mail to court); *Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974) (incoming mail from attorneys).

Defendants have presented uncontradicted evidence that at no time were documents taken out of Plaintiff's legal mail, nor was the mail marked undeliverable. Plaintiff's outgoing legal mail was marked, "Confidential Legal Mail". (MSJ Ex F.) SRJ policy allows only a cursory visual inspection of outgoing legal mail, without the contents being read. (MSJ Ex. H at 11.) The record also shows that Plaintiff's incoming mail from the court was marked confidential based on prison policy. (MSJ Ex. E.) Plaintiff has submitted no evidence to the contrary. None of his statements in the complaint provide sufficient evidence to create a triable issue of fact. His allegations in the complaint are generalized ("stamping [mail] falsely as undeliverable", "taking documents out [of] our legal mail to the courts"), and insufficient to establish a genuine dispute of material fact. *See Celotex*, *supra*, 477 U.S. at 323. Defendants are entitled to summary judgment on this claim.

### 4. Exhaustion

The Court also finds the claims unexhausted. The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies properly before filing suit in federal

7

court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and a prisoner's failure to comply with this requirement cannot be excused by the courts. *Ross v. Blake*, 136 S. Ct. 1850, 1856–58 (2016).

The undisputed facts in the record show that Plaintiff did not grieve any of the issues raised in his complaint. (*See* Carausu Decl. ¶ 4.) All grievances are maintained by the Alameda County Sheriff's Office in its normal course of business; there are no records of any grievances submitted by Plaintiff during the relevant period. (*Id.*) There is nothing to suggest that Plaintiff was unaware of the grievance process or was prevented from filing a grievance. In fact, on the form complaint, Plaintiff marked "YES" in the box next to the question asking: "Is there a grievance procedure in this institution?" (Compl. at 1.) The next question in the complaint asks: "If so, did you present the facts in your complaint for review through the grievance procedure?", to which Plaintiff failed to mark either yes or no.[4] (*Id.*) In failing to file an opposition, Plaintiff presents no evidence showing that his claims were exhausted. Defendants have thus met their burden of proving their exhaustion defense.

## CONCLUSION

Defendants' motion for summary judgment (ECF No. 16) is GRANTED. The Clerk shall terminate ECF. No. 16, enter judgment in favor of Defendants, and close the file.

**IT IS SO ORDERED.**

Dated: February 8, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[4] The form complaint then asks for the inmate to list the appeal number, date, and result of each appeal. (Compl. at 1.) Instead of listing information relating to his appeal at each level of review, Plaintiff lists his legal claims for relief: violations of the 14th Amendment, due process violation, and violations of certain disciplinary actions. (*Id.* at 1–2.)